**Jesus Antonio TORRES–CIBRIAM, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Nos. 03–71944, 04–72437.**

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2007 *.

Filed May 14, 2007.

Suite B–2, Attorney at Law, Indio, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, William Campbell Erb, Jr., Attorney, Jacqueline Dryden Fax, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, WARDLAW and BYBEE, Circuit Judges.

MEMORANDUM **

In this consolidated appeal, Jesus Antonio Torres–Cibriam, a native and citizen of

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

Mexico, petitions for review of two BIA orders: (i) affirming the IJ's decision that he was ineligible for waiver of inadmissibility under 8 U.S.C. § 1182(h) and (ii) denying his motion to reopen based on the expungement of his 1992 state conviction for possession of marijuana. We grant the petition for review of the IJ's decision, dismiss as moot the petition for review of the order denying the motion to reopen and remand for further proceedings.

According to the BIA's own rules, the IJ may not attempt to elicit a confession concerning criminal behavior without first providing the petitioner an explanation of the essential elements of the crime. *See Pazcoguin v. Radcliffe*, 292 F.3d 1209, 1216 (9th Cir.2002) (holding that for an admission to qualify as having been validly obtained, the applicant "must have been provided with the definition and essential elements of the crime *prior to* his admission" (emphasis added) (citing *In re J*, 2 I. & N. Dec. 285, 287(BIA) ("An adequate definition of the crime, including all essential elements, must first be given to the alien."))). Consequently, the IJ may not use Torres–Cibriam's admission to deny him relief. Torres–Cibriam is statutorily eligible for a waiver, *see* 8 U.S.C. § 1182(h) ("The Attorney General may, in his discretion, waive [inadmissibility] insofar as it relates to a single offense of simple possession of 30 grams or less of marijuana . . . ."), and on remand, may present his case for discretionary relief.

Since we grant the petition for review of the IJ's decision, the petition for review concerning his motion to reopen is moot. We leave it to the IJ and BIA to decide in the first instance what impact, if any, the expungement has on Torres–Cibriam's efforts to seek adjustment of status. *See*

ed by 9th Cir. R. 36–3.

*INS v. Ventura*, 537 U.S. 12, 14, 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

**PETITION GRANTED IN PART AND DISMISSED IN PART. CASE REMANDED FOR FURTHER PROCEEDINGS.**